IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD KEYS, SR., | ) | No. C 05-3060 MMC (PR) |
| Peititoner, | ) | **ORDER DENYING MOTION FOR REHEARING** |
| v. | ) | |
| BILL LOCKYER, et al., | ) | **(Docket No. 9)** |
| Respondents. | ) | |
| _____ | ) | |

    Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his form petition, petitioner indicated that he had not presented, in the petition for direct review he filed with the California Supreme Court, the claims raised in the instant action.  Also in the form petition, petitioner left blank the section designated for listing any other petitions filed in the California Supreme Court, such as a habeas petition.  Consequently, the petition was dismissed without prejudice for failure to exhaust the claims raised therein..

    Petitioner has filed a motion for "rehearing," which the Court construes as a motion for reconsideration.  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6)

any other reason justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.  See <u>Twentieth Century - Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981).

      Petitioner does not indicate the provision of Rule 60(b) under which reconsideration is warranted.  Petitioner alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment.  Petitioner does not provide any other reason justifying relief.  Rather, petitioner states that he had in fact filed a habeas petition in the California Supreme Court.  Attached to his motion is a copy of that petition, as well as the order denying it.  A review of the referenced petition, however, reveals that it does not include the claims presented in the instant federal petition.  As petitioner has not shown that he presented to the California Supreme Court the claims in the instant petition, there is no basis for reconsideration of the judgment in this case.

      Accordingly, the motion is DENIED.

      This order terminates Docket No. 9.

      IT IS SO ORDERED.

DATED: November 29, 2005

_____
MAXINE M. CHESNEY
United States District Judge